**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                               :
QING DI WANG, et al.,          :
                               :   Civil Action No. 04-4048 (JAG)
            Petitioners,       :
                               :
            v.                 :   OPINION
                               :
JOHN D. ASHCROFT, et al.,      :
                               :
            Respondents.       :
_____:
```

**APPEARANCES:**

Petitioners pro se                  Counsel for Respondents
Qing Di Wang                        Neil Rodgers Gallagher, Esq.
Sussex County Jail                  Asst. U.S. Attorney
41 High Street                      970 Broad Street
Newton, NJ 07860                    Suite 700
                                    Newark, NJ 07102

Xian Bi Liu
MCC
1 Waterworks Road
Freehold, NJ 07728

Nua Chen
MCC
1 Waterworks Road
Freehold, NJ 07728

Guang Da Lin
MCC
INS Unit
1 Waterworks Road
Freehold, NJ 07728

Shui Guan He
MCC
1 Waterworks Road
Freehold, NJ 07728

**GREENAWAY, JR.**, District Judge

Petitioners Qing Di Wang, Xian Bi Liu, Nua Chen, Guang Da Lin, and Shui Guan He are aliens, currently detained pursuant to final orders of removal, who have submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  The Respondents are the Attorney General of the United States, the Secretary of the Department of Homeland Security, Associate Commissioner Anthony Tangeman, Interim Director of Immigration and Customs Enforcement John Carbone, and Warden Peter Terranova.

I.   BACKGROUND

Petitioners are all natives and citizens of the People's Republic of China.  Although they submitted one Petition, it is apparent that their claims for relief are not based on a common claim but arise out of their individual circumstances.  Accordingly, each Petitioner's claim will be addressed individually.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.  ...
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

A.   Qing Di Wang

Petitioner Qing Di Wang arrived in the United States on August 18, 2000, at Honolulu Airport, Hawaii, and was taken into custody immediately, but was later released.  On April 4, 2002, Petitioner Wang was ordered removed.  Petitioner Wang was re-arrested by immigration authorities on November 7, 2002.  On May 5, 2003, the Board of Immigration Appeals affirmed the decision of the Immigration Judge.  Petitioner Wang filed a petition for review[2] in the U.S. Court of Appeals for the Ninth Circuit, which denied relief on September 27, 2004.  See Wang v. Ashcroft, 109 Fed.Appx. 986 (9th Cir. 2004).

Petitioner Wang requests his immediate release in lieu of continued indefinite detention.

B.   Bi Xian Liu

Petitioner Bi Xian Liu arrived in the United States on June 5, 2003, and was taken into custody immediately.  He has remained continuously in custody.  On October 10, 2003, the Immigration Judge denied Petitioner Liu's application for asylum and withholding of removal and ordered him removed to the People's Republic of China.  The Bureau of Immigration Appeals dismissed his appeal on January 20, 2004.  (Respondents' Ex. D.)

---

[2] Pursuant to Petitioner's request, during the pendency of the petition for review Petitioner Wang's removal was stayed.

On or about May 21, 2004, the Bureau of Immigration and Customs Enforcement issued a Notice of Failure to Comply based upon Petitioner Liu's failure to complete form I-217 Travel Document Request and Indian Consulate T/D application. No interpreter explained to Petitioner Liu why he was being asked to cooperate with removal to India.[3] Petitioner asks that he be released immediately.

C.  Nua Chen

Petitioner Nua Chen first arrived in the United States on February 14, 2003, and was taken into custody immediately. He has remained continuously in custody since that time.

On May 15, 2003, an Immigration Judge denied Petitioner's Chen's application for asylum and withholding of removal and ordered him removed to the People's Republic of China. Petitioner Chen timely appealed. On September 24, 2003, the Board of Immigration Appeals denied Petitioner Chen's appeal.

On or about June 22, 2004, the Bureau of Immigration and Customs Enforcement issued a Notice of Failure to Comply based upon Petitioner Chen's submission of fraudulent identity documents. Petitioner Chen asks for immediate release from custody.

---

[3] Nothing in the Answer [25] or administrative record provided by Respondents explains why some of the Petitioners, citizens of the People's Republic of China, are being asked to cooperate with respect to removal to India.

4

D.   <u>Guang Da Lin</u>

Petitioner Guang Da Lin first arrived in the United States in 1994.

On April 17, 2001, Petitioner Lin was ordered removed to the People's Republic of China.  On June 24, 2003, Petitioner Lin was taken into custody; he has remained in custody since that date.  Subsequent motions to re-open and for reconsideration were denied.

On or about May 21, 2004, the Bureau of Immigration and Customs Enforcement issued a Notice of Failure to Comply based upon Petitioner Lin's failure to complete form I-217 Travel Document Request and Indian Consulate T/D application.  It was not explained to Petitioner why he was being asked to cooperate in obtaining travel documents to India.  Petitioner asks that he be released immediately.

On February 22, 2006, counsel for Respondents advised the Court that the government has obtained travel documents for Petitioner Lin.

E.   <u>Shui Guan He</u>

Petitioner Shui Guan He first arrived in the United States on April 29, 2001 and was taken into custody immediately.  On March 25, 2002, an Immigration Judge denied Petitioner He's application for asylum and withholding of removal and ordered him removed to the People's Republic of China.  On July 9, 2002, the

Bureau of Immigration Appeals denied Petitioner He's appeal. Petitioner He sought review in the U.S. Court of Appeals for the Third Circuit.  The Court of Appeals denied relief in an order filed April 25, 2003.  Subsequent administrative motions to re-open and for reconsideration were denied.

On or about May 21, 2004, the Bureau of Immigration and Customs Enforcement issued a Notice of Failure to Comply based upon Petitioner He's failure to complete form I-217 Travel Document Request and Indian Consulate T/D application.

Petitioner He requests immediate release.

## II.   ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal

reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Zadvydas, 533 U.S. at 699-701. But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.")

Federal courts have recognized that "Zadvydas does not save an alien who fails to provide requested documentation to effectuate his removal. The reason is self-evident: the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock." Pelich v. INS, 329 F.3d 1057, 1060 (9th

7

Cir. 2003) (cited with approval in U.S. ex rel. Kovalev v. Ashcroft, 71 Fed.Appx. 919, 924 (3d Cir. 2003).

Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's burden. Compare Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), with Seretse-Khama v. Ashcroft, 215 F.Supp.2d 37, 48-54 (D.D.C. 2002) (continued detention for over three years, coupled with eight-month delay since INS last contacted destination country, suffices to meet alien's burden); Lema v. U.S. I.N.S., 214 F.Supp.2d 1116, 1118 (W.D. Wash 2002), aff'd on other grounds, 341 F.3d 853 (9th Cir. 2003) (where destination country's lack of response to request for travel documents is combined with INS inability to explain silence and absence of any indication that situation may change, continued detention would be unreasonable but, where destination country's failure to respond suggests nothing more than "bureaucratic inertia," removal remains "foreseeable").[4]

---

[4] See also Kacanic v. Elwood, 2002 WL 31520362 (E.D. Pa. 2002) (passage of one year, coupled with inaction of foreign embassy and INS admission that efforts to obtain travel documents have been "fruitless," suffices to meet alien's burden); Khan v. Fasano, 194 F.Supp.2d 1134, 1136-37 (S.D. Cal. 2001) (where alien has been in post-removal order custody for ten months, and meeting is scheduled with destination country to discuss request for travel documents, delay alone is not sufficient to meet alien's burden; however, alien granted leave to refile petition in six months' time if his removal has not then been effectuated); Okwilagwe v. INS, 2002 WL 356758 (N.D. Texas March

In addition, in assessing whether an alien has made the required showing, it must be remembered that, while the Supreme Court in Zadvydas emphasized that the expiration of the six-month presumptively-reasonable period of detention did not mandate release, it also stated that as the period of detention grows "what counts as the 'reasonably foreseeable future' conversely shrinks."  533 U.S. at 701.

A.  Qing Di Wang

The 90-day removal period for Petitioner Wang began to run on September 27, 2004, when the Court of Appeals for the Ninth Circuit denied his petition for review.  See 8 U.S.C. § 1231(a)(1)(B)(ii).  Thus, the removal period for Petitioner had not begun to run at the time this Court received the Petition on August 24, 2004.  Petitioner Wang has failed to establish any right to release pursuant to Zadvydas and Clark.

B.  Xian Bi Liu

At the time the Petition was filed, approximately seven months had passed since Petitioner Liu's order of removal became final.  Petitioner Liu supports his request for relief based only upon the passage of time and a notification that he had failed to

---

1, 2002) (passage of eleven months without action by destination country sufficient to meet alien's burden, even where destination country orally promised travel documents "in a few days," but failed to provide them over period of two months).

9

cooperate by refusing to assist in obtaining travel documents from India.

Here, Petitioner has not suggested that there are any institutional barriers to his removal, see Zadvydas, 533 U.S. at 686 (alien petitioner Kim Ho Ma was from Cambodia, a country with which the United States has no repatriation agreement), nor has he presented evidence of any individual barriers to his repatriation, see Zadvydas, 533 U.S. at 684-85 (alien petitioner Zadvydas was a "stateless" individual).  Indeed, Petitioner makes no mention of any efforts made during his detention, by himself or by the Respondents, to remove him to the People's Republic of China, nor does he make any mention of any response by the government of the People's Republic of China.

The fact that the People's Republic of China has issued travel documents for two of the five Petitioners here suggests that there are no institutional barriers to removal.  Moreover, while the reference to obtaining travel documents to India, rather than the People's Republic of China, is unexplained, it is not sufficient to carry Petitioner's burden to establish that removal to the People's Republic of China is not likely in the reasonably foreseeable future.

Finally, the passage of time is not so great that time alone would suggest that removal is unlikely.  Accordingly, Petitioner

has not met his burden to establish a ground for relief under Zadvydas and Clark. This Petition is denied.

C. Nua Chen

Petitioner Chen was removed to the People's Republic of China on or about November 17, 2004. (Answer at 3.) There have been no further filings or inquiries made on his behalf. Thus, his claim must be denied as moot.

D. Guang Da Lin

On February 22, 2006, the government informed the Court that it had obtained travel documents for Petitioner Lin and would be removing him "as soon as arrangements can be completed." (Letter from Respondents' counsel, Docket Entry No. 35.) Accordingly, Petitioner Lin has failed to establish that it is not likely that he will be removed in the reasonably foreseeable future. The Petition will be denied as to Petitioner Lin.

E. Shui Guan He

Petitioner He had been in post-removal-order detention for more than a year at the time this Petition was filed on August 24, 2004. Even so, he has failed to identify any individual or institutional barrier to his removal. As the government of the People's Republic of China has issued travel documents for two of the five petitioners here, there does not appear to be an institutional barrier to Petitioner He's removal. Further, the passage of time suggests that Petitioner's removal is as likely

as not in the reasonably foreseeable future. As is apparent from the passage of time with respect to Petitioners Chen and Lin, substantial time may pass before the government of the People's Republic of China issues travel documents. In the absence of any details describing the efforts Petitioner has made to cooperate in obtaining travel documents, or the responses of the government of the People's Republic of China, the mere passage of time is not sufficient to meet Petitioner's obligation to establish that his removal is not likely in the reasonably foreseeable future.

As a caveat to this Court's rulings, the government bears some responsibility for articulating the information it requires from Petitioners and for focusing its efforts on obtaining appropriate documentation in order to expedite their removal. This Court shall consider renewed applications for relief if, after full cooperation from Petitioners, the U.S. government remains unable to effectuate their (Petitioners') removal.[5]

---

[5] In the future, Petitioners should file individual petitions. Resolution of questions such as whether a Petitioner has met his obligation to establish that his removal is not likely in the reasonably foreseeable future, and whether a Petitioner has cooperated with removal efforts, are highly individualized and fact specific.

III.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be denied as to all Petitioners.  An appropriate Order follows.

<u>S/Joseph A. Greenaway, Jr.</u>  
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 31, 2006

13